**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**                    **09-CR-55A(Sr)**

**v.**

**GLANCE ROSS, et al.,**

                    **Defendant.**

---

## ORDER

Section 3161(h)(1)(H) of Title 18, U.S.C. permits the exclusion of 30 days once a motion is taken "under advisement" by the court.  A motion is taken under advisement "once the court has everything it expects from the parties prior to making its decision".  *United States v. Piteo*, 726 F.2d 50, 52 (2d Cir.), *cert. denied*, 466 U.S. 905 (1984); *United States v. Bufalino*, 683 F.2d 639, 642-44 (2d Cir. 1982), *cert. denied*, 459 U.S. 1044 (1983).  In this case, that occurred with respect to the defendants' motions following the submission of papers and a motion hearing at which time the Court took the matters under advisement.

I have reviewed the defendants' motion papers, memoranda/affidavits, and the papers submitted on behalf of the government, in some detail and have made substantial progress toward a decision on the motions.  It now appears that full consideration of the motions will take time beyond the 30 day advisement period and that "it is always open to [the court] to find that the interest of justice is best served by granting a continuance under  18 USC § 3161(h)(7) for the excess period".  *United States v. Bufalino*, 683 F.2d at 645 (citation omitted).

Therefore, on the basis of my findings that the motions are complex, that the Court is currently engaged in an examination of the several issues presented by the motions, and further upon my findings that the interest of justice in a continuance overrides the defendants' and public's interest in a speedy trial, a continuance is granted pursuant to 18 USC § 3161(h)(7)(A) from **September 24, 2010 to October 22, 2010** for the purpose of rendering a decision.

This order "puts defense counsel on notice that the speedy trial clock has been stopped," and it ensures that, "[i]f for any reason counsel believes that [an exclusion] is inappropriate, an objection may be raised and a record made" of the objection. *United States v. Tunnesen*, 763 F.2d 74, 78 (2d Cir. 1985); *see also United States v. Kiszewski*, 877 F.2d 210, 215 (2d Cir. 1989) (prosecutors are responsible along with the court in paying attention to *Tunnesen*.)

### CONCLUSION

The foregoing constitutes a decision and order pursuant to 28 U.S.C. § 636(b)(1)(A), and the Speedy Trial Act.

**SO ORDERED.**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**Dated:**     **Buffalo, New York**
            **September 24, 2010**